UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6343-CR-ZLOCH

UNITED STATES OF AMERICA,

VS.

LINDON JOHNSON,
a/k/a "Pablo,"
a/k/a "Tommy,"

     Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Lindon Johnson, a/k/a "Pablo", a/k/a "Tommy,"** prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On December 29, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community.   18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779



F.2d 1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Lindon Johnson, a/k/a "Pablo", a/k/a "Tommy,"** committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B. FINDINGS OF FACT

1. The defendant is charged with conspiracy to distribute at least five (5) kilograms of cocaine, at least fifty (50) grams of cocaine base ("crack cocaine"), and marijuana, possession with intent to distribute marijuana, and possession with intent to distribute at least five (5) kilograms of cocaine and at least fifty (50) grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Therefore, the defendant

is charged with crimes involving a narcotic drug.  18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant committed the offenses with which he has been charged.  The defendant allegedly was one of the leaders of an organization responsible for transporting, preparing for sale, and distributing quantities of cocaine, crack cocaine, and marijuana.

In September 1999, Yvette Jenkins rented a home for **Lindon Johnson** in Ridgeland, South Carolina; she also obtained a telephone for his use.  **Lindon Johnson** thereafter utilized the rented residence as a center for manufacturing and distributing cocaine, crack cocaine, and marijuana.

On January 16, 2000, upon arriving from South Florida, Cadia Gritton was arrested at a South Carolina train station; she was carrying 7.6 pounds of marijuana.  Gritton cooperated with law enforcement authorities and stated that she had been working on behalf of **Lindon Johnson**.  She further stated that this had been the second trip she made on **Johnson**'s behalf.  Documents recovered from Cadia Gritton at the time of her arrest show telephone numbers for **Lindon Johnson**'s South Carolina home and for co-defendant Mosi Grant, the alleged source of the narcotics.

On March 2, 2000, Yvette Jenkins was arrested at the Hollywood (Florida) train station; she was carrying 5 kilograms of cocaine and 133 grams of crack cocaine.  She cooperated with law enforcement authorities and informed them of **Lindon Johnson**'s narcotics distribution activities in South Carolina.  She further disclosed having witnessed **Lindon Johnson** and others cooking cocaine into crack cocaine at the Ridgeland, South Carolina residence she had rented for **Johnson**.  She told law enforcement personnel that

3

she was being paid by **Lindon Johnson** for transporting the narcotics and stated that this had been the second trip she made on his behalf.

Subsequent investigation of telephone toll records revealed telephonic contacts between **Lindon Johnson** and co-defendant Mosi Grant on or about the smuggling dates identified by Yvette Jenkins and Cadia Gritton.

Upon the arrest of **Lindon Johnson**, agents located in his possession a telephone calling card in Yvette Jenkins' name. They also located the business card of Yvette Jenkins' attorney. Jenkins had previously informed law enforcement authorities that her attorney's fees had actually been paid by **Lindon Johnson**; the monies were then delivered to counsel through co-defendant Rick Moten. Finally, agents located in **Lindon Johnson**'s possession a driver's license bearing his photo but the name of another individual. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. **Lindon Johnson** is a Jamaican citizen; he was born in Kingston, Jamaica, on August 27, 1970. INS records reveal that **Johnson** is a legal permanent resident of the United States; he entered this country on December 13, 1987.

**Johnson** reports that he, his mother, and his two sisters have resided in Miramar (Florida) for the past eleven (11) years. He is single and does not have any children. His father, however, continues to reside in Jamaica.

**Johnson** advises that he has been unemployed for the past five (5) years and has been supported financially by family members. He claims, however, that he did work

4

briefly as a cook in South Carolina from June 2000 to September 2000. Accordingly, he reports no assets of significant value.

The defendant advises that he was a "recreational cocaine user from 1987 until 1997."

The Pretrial Services Report reflects that the defendant has been arrested for the following offenses: possession with intent to distribute cocaine (1992); driving under suspension (1994)(note - Report states "1944"); and driving under suspension (1994)(note - Report states "1944"). Further, the Report reflects that the defendant has been convicted of the following offenses: possession with intent to distribute cocaine (1992); driving under suspension; and driving under suspension. Each of the defendant's arrests and convictions occurred in South Carolina. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant has previously been convicted of possession with intent to distribute cocaine. With respect to the instant offense, two narcotics couriers have independently identified **Lindon Johnson** as one of the leaders of an organization responsible for transporting and distributing in South Carolina quantities of cocaine, crack cocaine, and marijuana. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no

condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C.  STATEMENT OF REASONS FOR DETENTION

1.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant is a permanent resident of the United States who claims residential ties to South Florida, he retains his Jamaican citizenship, as well as family ties to Jamaica through his father; he also has spent considerable time in South Carolina as evidenced by his three arrests in that state, his acknowledged employment in that state, and his reported residence there. Further, the defendant possessed a false driver's license, evidence of his attempt to conceal his true identity. Finally, if convicted of the instant offense, the defendant faces (upon enhancement) a minimum mandatory twenty (20) years incarceration. This combination of factors leads the undersigned to conclude that **Lindon Johnson** would not be likely to appear if released on bond prior to trial.

2.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant has previously been convicted of possession with intent to distribute cocaine. With respect to the instant Indictment, two couriers have independently identified him as one of the leaders of an organization responsible for transporting and distributing quantities of cocaine, crack cocaine, and marijuana. These allegations are corroborated, in part, by various documents that link **Lindon Johnson** to the co-defendants and couriers. Accordingly, **Lindon Johnson** does not appear to have

6

been deterred or rehabilitated by virtue of his previous encounters with the criminal justice system.

D.  DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Lindon Johnson, a/k/a "Pablo," a/k/a "Tommy,"** be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1.  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 28th day of December, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable William J. Zloch
United States District Judge

7

David J. Joffe, Esquire
2900 Bridgeport Avenue, Suite 401
Coconut Grove, Florida 33133-3606
Attorney for Defendant

Terry Thompson, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services