

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

December 28, 2001

RE: 01-13587-DD    USA v. Lindon Johnson
DC DKT NO.: 00-06343 CR-WJZ

TO:  Clarence Maddox

CC:  David Jonathon Joffe

CC:  Jeanne Marie Mullenhoff

CC:  Anne R. Schultz

CC:  Susan H. Ponzoli

CC:  Dana Washington

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

December 28, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 01-13587-DD    USA v. Lindon Johnson
DC DKT NO.: 00-06343 CR-WJZ



REC'D by _____ D.C.
JAN 3 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: three volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-13587

District Court Docket No.
00-06343-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDON JOHNSON,

Defendant-Appellant.

-----

Appeal from the United States District Court
for the Southern District of Florida

-----



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov 28, 2001
THOMAS K. KAHN
CLERK

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: November 28, 2001
For the Court: Thomas K. Kahn, Clerk
By: McCombs, Elaine



ISSUED AS MANDATE
DEC 2 8 2001
U.S. COURT OF APPEALS
ATLANTA, GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 2 8 2001
THOMAS K. KAHN
CLERK

No. 01-13587
Non-Argument Calendar

D. C. Docket No. 00-06343-CR-WJZ

UNITED STATES OF AMERICA,

FILED by _____ D.C.
JAN - 3 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Plaintiff-Appellee,

versus

LINDON JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(November 28, 2001)

Before CARNES, HULL and RONEY, Circuit Judges.

PER CURIAM:

Defendant Lindon Johnson pled guilty to one count of an indictment charging cocaine and marijuana violations. He was sentenced to 168 months imprisonment,

to be followed by a term of five years of supervised release, and was charged a $100 special assessment, but no criminal fine.

As a special condition of defendant's supervised release, the district court provided as follows:

> at the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Immigration and Naturalization Service for removal proceedings consistent with the Immigration and Nationality Act.

Johnson appeals this provision on the ground that the Illegal Immigration Reform and Immigrant Responsibility Act, enacted by Congress on April 1, 1997 as Title 8 U.S.C. § 1229a, deprived the district court of jurisdiction to order deportation. *See United States v. Romeo*, 122 F.3d 941 (11th Cir. 1997).

This Court has recognized, however, that there is a difference between ordering a defendant to be deported or removed, which would exceed the district court's jurisdiction, and ordering that the defendant be surrendered by the Bureau of Prisons to the custody of the INS for removal proceedings consistent with the Immigration and Nationality Act. In *United States v. Mignott*, 184 F.3d 1288 (11th Cir. 1999) this Court vacated a portion of a district court's judgment ordering deportation and remanded the case for further proceedings consistent with *Romeo*, but specifically

provided that a provision such as the one contained in this order would be appropriate. The Court stated that upon remand, the district court could:

> "provide that Mignott, upon completion of his term of imprisonment, shall be turned over to the Immigration and Naturalization Service for appropriate proceedings under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996."

184 F. 3d at 1292.

Contrary to Johnson's, the language in the district court's order concerning Johnson implicitly recognized that only the INS and not the district court could order deportation. Interpreted this way, it is unnecessary to remand the case to the district court for clarification, as requested by the appellant.

AFFIRMED.

A True Copy Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

3