IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DOCKET NO.: 00-6343-CR-ZIoch

UNITED STATES OF AMERICA,

Respondent,

-VS-

LINDON JOHNSON,
a/k/a "Pablo" "Tommy",

Defendant,

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. §3582(c)
AND U.S.S.G. § 1B1.10

THE HONORABLE WILLIAMS J. Zloch
CHIEF U.S. DISTRICT JUDGE

**AND NOW,** comes the defendant Lindon Johnson acting pro se through litigation, respectfully file this motion requesting sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

Should the court recalculate the range and base offense level based upon the sentencing commission new rule apply for determining the base offense level in crack cocaine under § 2D1.1 of advisory guidelines, Lindon Johnson sentence would be different.

The Sentencing Commission Amend the drug quantity table in § 2D1.1 so that crack cocaine quantities triggering the five and ten year mandatory minimum are assigned base offense levels, two levels lower than before.

On Thursday, June 21, 2001, defendant Lindon Johnson was sentenced to a term of imprisonment of 168 months following his plea of guilty to count One - charges relating to conspiracy to distribute at least five kilograms of cocaine, 50 grams of cocaine base and a quantity of marijuana, 21 U.S.C. § 846, a class A felony. The defendant's sentencing range according to the sentencing transcript page 11 - line 21 to 24, "In paragraph 75 the guideline range is 168 to 210 months . . ."

Now should the court imposed a term of bottom of the recalculate range, now that the defendant's sentencing guidelines range, under the new method would be reduced by two level, from 135 to 168 months based on a total offense level 33 and a criminal history category of I, the resulting term would be 135 months.

Apparently, the commission issued its plan but the Supreme Court upheld the discretion of judges to dispense lighter sentence for crack cocaine offenders than those recommended by the federal sentencing guidelines.

2.

In the Gall case, the Supreme Court restored broad discretion to district judge by allowing them to impose the sentence they deem most appropriate after considering all of the sentencing factors set forth in 18 U.S.C § 3553(a). It held that while the guidelines should be "the starting point and initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the guidelines range is reasonable". The majority concluded that an app probation sentence imposed by an "experience" district judge was both reasoned and reasonable. The majority also dramatically changed the rules governing appellate reviews of sentences below the guideline range, holding that Circuit Court may not make a de novo determination about whether the variation from the guideline range was "reasonable", but instead must use a "deferantial abuse-of-discretion standard" even wnen a trial judge sets a punishment below the guideline range.

In Kimbrough, the Supreme Court held that a district judge may consider the crack/powder disparity when sentencing crack cocaine offenders, and impose a below-guidelines sentence if it determines that a within-guidelines is "greater than necessary" to serve the objectives of sentencing set forth at 18 U.S.C. § 3553(a). The Court also rejected the Fourth Circuits rationable that a sentence outside the guidelines is "per se unreasonable" because it is based on a disa greement with the crack-powder disparity.

3.

According to the defendant's understanding of the this law, he is eligible for the new crack cocaine amendments by adding guideline amendment 706 to the list of provisions specified in U.S.S.G § 1B1.10 that are entitled to retroactive treatment which take affect on March 3, 2008. It is also our position that the defendant may be eligible to be re-sentenced since the mandatory guidelines are no longer constitutional.

Because Lindon Johnson had been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, he moves this Honorable Court to reduce the term of imprisonment in accordance with 18 U.S.C. § 3582(c)(2) to a term of 135 months.

## A.   GUIDELINE RANGE DETERMINED BY THE COURT UNDER THE OLD METHOD

The court found the defendant accountable for 133.4 grams of crack cocaine, 4,940.7 grams of cocaine and 3,222.4 grams of ,marijuana. Pursuant to § 2D1.1, (Note 10), each drug is to be converted to its marijuana equivalent. One gram of cocaine base converts to 20 kilograms of marijuana, one gram of cocaine converts to 200 grams of marijuana. The defendant is responsible for 3,659.36 kilograms of marijuana.  That section provides that an offense involving at least 3,000 kilograms but less than 10,000 kilograms of marijuana has a base offense level of 34.  Per the conversion of these drugs to their marijuana equivalent resulted in the following guideline

calculation:

| | |
|---|---|
| Base offense level: | 34 |
| Specific offense characteristic: | 0 |
| Adjustment for Role in the Offense: | +4 |
| Victim Related Adjusment: | 0 |
| Adjustment for Obstruction of Justice: | 0 |
| Adjustment for Acceptance of Responsibility: | -3 |
| Total Offense Level: | 35 |
| Criminal History Category: | I |
| Imprisonment Range: | 168 to 210 months |
| Statutory Maximum Term: | life, 21 USC §841(b)(1)(A) |
| Statutory Mandatory Minimum Term: | 10 years |

**B    SENTENCE IMPOSED**

On Thursday, June 21, 2001, the defendant was sentenced to 168 months imprisonment, 5 years supervised release, a $100 fine, and ordered to pay a special assessment of $100. The defendant project- ed release date is

As reflected above, the defendant's base offense level is 34. The Honorable Court granted a four level increase for adjustment for role in the offense pursuant to §3B1.1(a), and a three level reduc- tion pursuant to § 3E1.1(a) & (b). An additional four level and a three level reduction from 34 to 35, would result in a range of 168 to 210 months. The Court sentenced the defendant at the bottom range, the resulting term was 168 months.

**C    GUIDELINE RECALCULATIONS UNDER THE
       THE NEW METHOD OR THRESHOLD**

Under the Sentencing Guidelines effective November 1, 2007, 133.4 grams of crack cocaine, 4,940.7 grams of cocaine and 3,222.4

4.

grams of marijuana. Pursuant to § 2D1.1, (Note 10), each drug is to be to be converted to its marijuana equivalent. One gram of cocaine base converts to 20 kilograms of Marijuana, One grams of cocaine converts to 200 grams of Marijuana, resulting in a total of 3,659.36 kilograms of Marijuana equivalent and a base offfense level 32.

```
Base Offense Level:                              32
Secific Offense Characteristic:                   0
Adjustment for Role in the Offense:              +4
Victim Related Adjustment:                        0
Adjustment for Obstruction of Justice:            0
Adjustment for Acceptance of Responsibility:     -3
Total Offense Level:                             33
Criminal History Category:                        I

Imprisonment Range:                   135 to 168 months

Statutory Maximum Term:                        life
Statutory Mandatory Minimum Term:           10 years
```

Should the Honorable Court impose a term at the bottom of the recalculated range, the resulting term would be 135 months.

As reflected above, the court would grant under the new method, four level increase for adjustment for role in the offense pursuant to § 3B1.1(a), and a three level reduction pursuant to § 3E1.1(a) and (b) - - thus, the increase of four level and a threetlevelf three reduction from 32, resulting to a total offense level of 33, corresponding to the Sentencing Guideline range of 135 to 168 months. Should the court impose a term at the bottom of the recalculated range, the resulting term would be 135 months.

It is defendant's understanding that under the previous federal Laws, defendant convicted of selling 5 grams of crack face the five year mandatory sentence as offenders caught selling 500 grams of the

5.

powdered cocaine. This 100 to 1 rule is a legacy of the 1980's. When it was erroneously believed that crack was much more dangerous than the chemically identical powder. Congress made crack cocaine the only drug that carries a mandatory minimum sentence for possession even for first time offenses. The Sentencing Commission sets guidelines for federal prison sentences.

The Sentencing Commission adopted new guidelines aimed at given crack cocaine offenders a short at marginally reducing offenders time in prison.

Worthy to mention again, under the old quantity threshold table 2D1.1, the defendant's base offense level was 34. Now under the quantity threshold table Mr. Lindon Johnson's base offense level is now 32. The defendant has successfully demonstrated acceptance of responsibility, remorse and avoid going to trial. As related above, if Mr. Lindon Johnson were sentenced today, his total offense level would be be 33, at criminal history category II, a level 33 corresponds to a sentencing range of 135 to 168 months. Thus, the resulting term per the sentence would be 135 months at the bottom.

Based upon the Pro se understanding of the above and little understanding of the law as outlined, this pro se is making argument through this motion for sentence reduction. Should the court impose a term at the bottom of the recalculated range, the resulting term would be 135 months.

**Wherefore, Lindon Johnson prays that the honorable court grant him relief and resentence him to 135 months term of imprisonment.**

Date: June 5, 2008

Respectfully Submitted,

_____
Lindon Johnson
BOP# 55596-004

Sworn to before me and subscribed in my presence on this 5th day of June, 2008.

_____
SIGNATURE OF THE NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ann M. Butler, Notary Public
Decatur Twp., Clearfield County
My Commission Expires April 26, 2009
Member, Pennsylvania Association of Notaries

My Commission Expires on: 04/26/2009

## CERTIFICATE OF SERVICE

I, Lindon Johnson, the defendant acting pro se through through litigation, hereby certify that the foregoing Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and USSG §1B1.10 is furnished on this 5 day of June, 2008 to the Office of the Clerk in United States District Court For the Southern District of Florida, Federal Courthouse Sq. 301 N. Miami Ave., Suite 150 Miami, Florida 33128 via the Postal Mail Box situated at Moshannon Valley Correctional Center 555 I Cornell Drive, Philipsburg, PA 16866 with sufficient postage stamps to ensure delivery.

Respectfully Submitted,

_____
Lindon Johnson
BOP# 55596-004
MVCC 555 I Cornell Drive,
Philipsburg, PA 16866

cc: Hon. Chief Judge:
    William J. Zloch
    299 E. Broward Blv., RM.202B
    Ft. Lauderdale,
    Florida 33301

7.